Blackman, Appellant, *v.* Venturi.

Argued October 17, 1933. Before
Trexler, P. J., Keller, Cunningham, Baldrige, Stadt-
feld, Parker and James, JJ.

*Wilfred R. Lorry,* and with him *Thomas M. J.
Regan,* for appellant.

*Oliver C. Riethmiller,* for appellee.

PER CURIAM, October 31, 1933:

Plaintiff seeks to hold the defendant, Venturi, responsible for injuries received in a collision between two automobiles, one of which was owned by the defendant. Plaintiff claims that although the owner of the automobile was not present when the accident occurred, the driver of the machine was his agent or servant.

The jury found in favor of the plaintiff, but the court in banc decided (we think properly) that there was not sufficient evidence to sustain the verdict and entered judgment n. o. v. We quote from the opinion of the lower court:

"It appears that Ercolani, Dolcemore, Ucchi and the defendant Venturi were all friends. Ercolani was the son-in-law of Ucchi. Ucchi's wife (Ercolani's mother-in-law) was sick in Atlantic City. Venturi owned an automobile. Ercolani told the defendant, Venturi, about his mother-in-law being sick, and that he and his friends wanted to go the following day (which was a Sunday) to Atlantic City to visit her. Venturi promised to take them down in his car. Venturi, however, became sick, and so he said to Ercolani: 'You go alone (along (?) and take these people down to Atlantic City.'

"When the defendant Venturi was asked as to the reason for his planning to go to Atlantic City he answered: 'I promised Ercolani to take them down to see his mother-in-law.' Being asked, 'For you it was just a pleasure trip?' he answered: 'Yes, just for the company. He had to go to see the sick.'

"It would thus seem clear that the trip was originally suggested by Ercolani and was for the purpose of enabling him and his friends to visit his sick mother-in-law. Venturi obligingly agreed to take them in

his car, he himself not being primarily interested in the purpose of the trip.''

''The trip was not for the business or benefit of the defendant; he originally intended to act as host to his friends; one of whom was Ercolani, for whose benefit the trip was primarily designed. The defendant felt unable to go, and in turning the car over to Ercolani with the suggestion that he take the group to Atlantic City he was not making Ercolani his agent to carry out the defendant's business because the defendant had no business or purpose to subserve by the trip. It was merely a case where Venturi found he was unable to go along, and dropped out of the party. He allowed Ercolani to use the car and to take the others. It would be unjust to allow a jury to find that Ercolani was acting as Venturi's agent on an expedition that was for Ercolani's own benefit, and in which the defendant himself had no interest other than as Ercolani's friend.''

The judgment is affirmed.