Polonitz *v.* Wasilindra (et al., Appellant).

Argued March 14, 1944.  Before KELLER, P. J., BALD-
RIGE, RHODES, HIRT, KENWORTHEY, RENO and JAMES, JJ.

*Henry S. Ambler,* with him *Frank R. Ambler,* for
appellant.

*C. Edmund Wells,* for appellee.

OPINION BY KENWORTHEY, J., April 20, 1944:
Garnishee appeals from the judgment entered against

it on interrogatories and answers. Plaintiff obtained judgment, in a trespass action, against Wasilindra and issued an attachment against his insurance carrier.[1]

For a reason, or reasons, which do not appear, Wasilindra's Pennsylvania motor vehicle operator's license had, prior to the issuance of appellant's policy on October 1, 1941, been revoked. In order to procure the renewal of the license, it became necessary, under the provisions of the Uniform Automobile Liability Security Act of May 15, 1933, P. L. 553, as amended, 75 PS 1253 et seq., that he prove his financial responsibility. Appellant issued its policy and then filed with the Secretary of Revenue the required Financial Responsibility Insurance Certificate for the purpose of complying with the provisions of the act. The policy was on a form entitled "Combination Automobile Policy." It named Wasilindra as insured; it described the automobile as a Dodge Sedan; and it stated the purposes for which the automobile was to be used as "pleasure and business."

Paragraph III is entitled "Drive Other Private Passenger Automobiles" and provides: "Such insurance as is afforded by this policy for bodily injuries or property damage liability applies when the declared use of the automobile is 'pleasure and business': (1) to the named insured, if an individual and the owner of the automobile ...... as insured, with respect to the operation of any other private passenger automobile by such named insured ......"[2] The provision over which

---

[1] Although the attachment was issued and judgment entered against American Automobile Insurance Company and American Automobile Fire Insurance Company, there is no basis for judgment against the latter. The policy was written on the printed form used jointly by the affiliated companies but, as written, the Fire Company furnished no coverage whatever.

[2] This paragraph, not the endorsement, applies because, as will presently appear, the automobile Wasilindra was driving was a

this controversy arises is contained in Condition No. 15, "that the insurance under the Drive Other Private Passenger Automobiles paragraph shall be excess insurance over any other valid and collectible insurance available to the insured, either as an insured under a policy applicable with respect to the automobile or otherwise, against a loss covered under said paragraph."

Appellant, in its answers, averred that, at the time of the accident out of which Wasilindra's liability to plaintiff arose, Wasilindra was not operating his own automobile but the Oldsmobile Convertible Coupe of James W. Pender; that his liability was covered under Pender's policy with the Penn Mutual Indemnity Company of Reading, Pa.; that, under the terms of appellant's policy, appellant was liable secondarily only, or as an excess insurer; and that, in order to recover against appellant, plaintiff was bound to show that he had first exhausted his rights and remedies against Pender's insurer.

The basis of the lower court's position is well stated in the following paragraph of Judge DANNEHOWER'S opinion:

"When the garnishee insurance company issued its policy and filed its certificate, the defendant was again given the privilege of operating a motor vehicle upon our highways. This license was granted because the garnishee made it possible for defendant to comply with one form of proof of financial responsibility under the act. As alternatives, defendant might have given a bond or deposited cash in the sum of $11,000 as evi-

---

private passenger automobile. It is not limited in its application, as appellee suggests, to other automobiles owned by the insured but not mentioned in the policy; in fact, the subsequent language of the paragraph expressly provides that it does not apply to an automobile "owned in full or in part by or registered in the name of the named insured." The phrase "if an individual and the owner of the automobile" refers to the automobile named in the policy.

66.

dence of his ability to respond in damages 'arising out of the ownership, maintenance, use or operation by him of a motor vehicle.' The protection intended by the act is the same regardless of any one of the three methods of compliance. See Sky v. Keystone Mutual Cas. Co., 150 Pa. Sup. Ct. 613, on page 616. It cannot be contended that the Legislature in specifying three possible ways of furnishing financial responsibility, all of which are to serve exactly the same purpose and same protection to the public, intended to make two of them absolutely open and available without any defense whatsoever when 'liability is imposed by law,' and then would permit the other means (insurance as defendant furnished) to be surrounded by the insurer with defenses, limitations, reservations and exceptions for the benefit of insurance companies. Such a construction and interpretation would be *detrimental* to the public interest and would defeat the very purpose of the act. Since the very purpose of such policies is to indemnify innocent third persons and protect the general public, all policy defenses are taken from the insurer. A judgment, when rendered against the insured, becomes absolute against the company."

That the legislature intended to impose a rigid and readily enforceable liability on an insurer affording the coverage made mandatory by the act is eminently clear by the provision in §6(a)[3] that "if the policy shall provide for limits in excess of the limits designated in this act, the insurer may plead against a judgment creditor of the insured, with respect to the amount of such excess limits of liability, any defense which it may be entitled to plead against the insured." The inference is inescapable that, within the limits required, the insurer's liability is absolute. It is conceded that the coverage involved in the present case is required by the act.[4]

---

[3] 75 PS 1258.

[4] Since appellant's policy was essentially a "motor vehicle lia-

We express no opinion on the question of the liability of the two insurance companies *inter se.*

Judgment affirmed.

bility policy," the "Drive Other Private Passenger Automobiles" coverage was required to authorize Wasilindra lawfully to operate a private passenger vehicle not specifically named in the policy. See §25 added by the Amendment of June 25, 1937, P. L. 2097, and further amended by the Act of June 24, 1939, P. L. 1075 No. 377, 75 PS 1273d.