## AMERICAN AUTOMOBILE INS. CO. v. PENN MUT. INDEMNITY CO.

No. 4732.

District Court, E. D. Pennsylvania.

June 7, 1946.

Frank R. Ambler and Henry S. Ambler, both of Philadelphia, Pa., for plaintiff.

Peter P. Zion, of Philadelphia, Pa., for defendant.

KALODNER, District Judge.

This matter arises on a motion to dismiss the complaint as not stating a cause of action upon which relief can be granted.

The plaintiff insurance company issued a policy of insurance to one George Wasilindra, to which was attached a Financial Responsibility Insurance Certificate endorsement and "Drive Other Automobiles Broad-Form" endorsement. It appears that Wasilindra's Pennsylvania motor vehicle operator's license had, prior to the issuance of this policy, been revoked, and in order to procure the renewal of the license it became necessary under the provision of the Uniform Automobile Liability Security Act of May 15, 1933, P.L. 553, as amended, 75 P.S. § 1253 et seq., that Wasilindra prove his financial responsibility. To enable Wasilindra to obtain his operator's license in compliance with said Act, the plaintiff insurance company issued its policy and then filed with the Secretary of Revenue of Pennsylvania the required Financial Responsibility Insurance Certificate.

On February 8, 1942, Wasilindra, while operating the automobile of one James W. Pender, was involved in an accident as a result of which one Walter Polonitz and one Clarence P. Burns were injured. These injured persons brought suit against Wasilindra in the Court of Common Pleas of Montgomery County and recovered judgments against Wasilindra. The plaintiff insurance company did not defend these actions. Polonitz issued attachment sur judgment and summoned the plaintiff insurance company as garnishee. Judgment was rendered in favor of Polonitz against plaintiff insurance company in the garnishment proceedings and the plaintiff insurance company appealed the judgment to the Superior Court of Pennsylvania, which affirmed said judgment in an opinion reported in Polonitz v. Wasilindra et al., 155 Pa. Super 62, 37 A.2d 136, 137. A copy of this opinion is attached to the complaint as Exhibit "B". The plaintiff insurance company paid Polonitz the sum of $1,727.54 recovered against Wasilindra and caused the judgment to be marked to its use.

The plaintiff insurance company likewise paid the judgment of Burns in the sum of $2,449.88 and caused the judgment to be marked to its use. The plaintiff insurance company also paid Wasilindra's counsel fee and the costs of printing the record in the appeal to the Superior Court referred to above. The plaintiff accordingly brings this action to recover the sums it has expended totaling $4,467.42 against the defendant insurance company alleging that the expenditures made by the plaintiff insurance company were "the primary obligations of the defendant", to which the plaintiff insurance company is entitled to be reimbursed by the defendant insurance company.

The plaintiff insurance company bases its claim upon the following facts: Pender's automobile which Wasilindra was operating at the time of the accident was insured by the defendant insurance company and was operated with the permission and consent of Pender. The complete policy issued by defendant insurance company to Pender is not made part of the complaint. The complaint, however, sets forth the following provisions of the defendant's policy: "Definition Of 'Insured'. Except where specifically stated to the contrary, the unqualified word 'insured' wherever used includes not only the named insured, but also any person while using the automobile and any person or organization legally responsible for the use thereof, provided the declared and actual use of the automobile is 'pleasure and business' or 'commercial', such as defined herein, and provided further the actual use is with the permission of the named insured. *The provisions of this paragraph do not apply (a) to any person or organization with respect to any loss against which he has other valid and collectible insurance; * * * ."* (Emphasis supplied.)

In the plaintiff insurance company's policy which is attached to the complaint as Exhibit "A", there is contained the following provision with respect to insurance covering the driving of other automobiles by the named insured (Wasilindra): "C. The insurance shall be excess insurance over any other valid and collectible insurance available to the insured, either as an insured under a policy applicable with respect to . the automobile or otherwise, against a loss covered hereunder."

The motion to dismiss the complaint sets forth a number of formal and procedural objections to the complaint which it is not necessary to pass upon at this time inasmuch as the complaint fails to make out a cause of action on the merits.

The plaintiff's case is founded on the theory that Wasilindra was an insured as that term is defined in the provisions of the defendant insurance company's policy above quoted, and that consequently the plaintiff insurance company was liable only for "excess insurance over any other valid and collectible insurance available to the insured * * *." The defendant insurance company's policy, while covering the driver (Wasilindra) also excepted from its insurance "any person or organization with respect to any loss against which he has other valid and collectible insurance * * *."

The plaintiff insurance company contends that inasmuch as its policy cov-

ered only excess liability if there was any other valid insurance, and inasmuch as it had paid the entire loss, it is entitled to recover from the defendant insurance company. The decision of the Superior Court of Pennsylvania in Polonitz v. Wasilindra et al., supra, which involved the interpretation of this very policy of the plaintiff is dispositive of its contentions in the instant case. The Superior Court in construing the plaintiff's policy decided that because the policy was issued the provisions of the Automobile Liability Security Act of May 15, 1933, "all policy defenses are taken from the insurer". In other words, it held that the liability under the plaintiff insurance company's policy was absolute, and all provisions limiting the liability were of no effect. This Court is bound by the construction placed upon the policy by the Superior Court of Pennsylvania and in view of its adjudication that there was existing insurance issued by the plaintiff upon which it was liable, the defendant company is relieved from liability upon its policy by reason of the exclusion from liability if there was "valid and collectible" insurance covering the operator of its insured automobile.

For the reasons stated the motion to dismiss the complaint must be granted.

An order may be submitted in accordance with this opinion.