## AMERICAN AUTOMOBILE INS. CO. v. PENN MUTUAL INDEMNITY CO.

### No. 9203.

Circuit Court of Appeals, Third Circuit.
Argued Feb. 3, 1947.
Decided March 18, 1947.

Henry S. Ambler, of Philadelphia, Pa., for appellant.

Peter P. Zion, of Philadelphia, Pa. (Albert H. Friedman, of Philadelphia, Pa., on the brief), for appellee.

Before BIGGS, GOODRICH, and Mc-LAUGHLIN, Circuit Judges.

GOODRICH, Circuit Judge.

This case involves a controversy between two corporations which issue automobile insurance. It is in federal court on grounds of diversity of citizenship. All the facts have a Pennsylvania setting and legal questions presented by the case are matters to be determined by Pennsylvania law.

American Automobile Insurance Company (hereafter called American) issued an automobile insurance liability policy to George Wasilindra. It appears that the insured was required to have a "Financial Responsibility Insurance Certificate", as provided by the Pennsylvania statute,[1] before he could have his motor vehicle operator's license reinstated.[2] The policy which American issued to Wasilindra contained a "Financial Responsibility Insurance Certificate" endorsement. It also contained an endorsement called "Drive Other Automobiles—Broad Form" which read: "Insurance shall be excess insurance over any other valid and collectible insurance available to the insured, either as an insured under a policy applicable with respect to the automobile or otherwise, against a loss covered hereunder."[3]

Penn Mutual Indemnity Company (hereafter called Penn Mutual) issued a policy of automobile liability insurance to James W. Pender. In one paragraph, "IV. Definition of Insured", appears a statement that " * * * The provisions of this paragraph do not apply (a) to any person or organization with respect to any loss against which he has any valid or collectible insurance."

Pender loaned his automobile to Wasilindra. Wasilindra had an accident in which two of his passengers were hurt. They obtained judgment against Wasilindra. Neither of the insurance companies evidently being willing to pay voluntarily, one of the plaintiffs issued an attachment

---

[1] Uniform Automobile Liability Security Act of May 15, 1933, P.L. 553 § 2, 75 P.S. § 1254.

[2] This fact appears in Polonitz v. Wasilindra, 1944, 155 Pa.Super. 62, at page 64, 37 A.2d 136, at page 137.

[3] No question of "excess" insurance arises here since the amount of recovery against Wasilindra was insufficient to exhaust either policy.

against American and recovered a judgment which was affirmed on appeal by the Pennsylvania Superior Court.[4] American having paid now seeks to be indemnified by Penn Mutual, setting up the "excess insurance" provision which was in the policy and which has already been quoted. It does not claim that Pender, the owner of the bailed car, is liable for the negligence of his bailee, as it could not successfully claim under Pennsylvania law.[5] It argues that the Pennsylvania Superior Court decision did not pass upon the question of the liability of the insurance corporations between themselves [6] and that all that was settled by that decision was that as against an injured third party the company which furnished Wasilindra the "Financial Responsibility Insurance Certificate" must pay for the harm done by Wasilindra's negligence in automobile management. But as to the defendant, Pender's insurance company, it urges the terms of its policy.

The defendant, in its turn, points to the limitation in the definition of "insured" which we have already mentioned. Each company happily points to language in the policy which it has issued which tends to relieve it from liability in this type of case.

The parties have not been able to find for us any authority in Pennsylvania or elsewhere directly deciding the point involved in this suit. Neither have we been able to locate anything independently.

■ There are some strong analogies, however, which support the result reached by the District Court. It is clear that Wasilindra was the actual tortfeasor and the party primarily liable for the injury to his passengers. It is well settled in many instances that where one who is primarily liable has paid an obligation, he cannot come back against a secondary party for contribution or indemnity even though an injured third party might proceed against either one of them. Thus an abutting occupier is liable for a sidewalk injury and has no recourse against the municipal corporation or any other secondarily liable party.[7] Likewise, an agent which has had to pay for a tort he has personally committed cannot make his principal reimburse him for such payment.[8] Nor can the principal debtor who has paid compel reimbursement from a surety.

■ These situations, we think, are in point here. The insurance company which issued the certificate guaranteeing Wasilindra's solvency to the world was in the position of guaranteeing a principal obligor. When called upon to pay, as it was by the Superior Court's decision, it was doing just what it had undertaken to do, that is, making good Wasilindra's default. We see no reason in legal analogy or in equity why, upon paying as it promised to pay, it should be permitted to pass the loss on to someone else, whether or not that someone might have been compelled to pay the injured party. There is no authority that so holds and we believe that a denial of recovery is within the general approach to the problem by the Superior Court of Pennsylvania even though the exact point was not necessary to be decided.

Affirmed.

---

[4] Polonitz v. Wasilindra, 1944, 155 Pa. Super. 62, 37 A.2d 136.

[5] Hildock v. Grosso, 1939, 334 Pa. 222, 5 A.2d 565; Blackman v. Venturi, 1933, 110 Pa.Super. 382, 383, 168 A. 808; Note 100 A.L.R. 920 (1936).

[6] The Court said "We express no opinion on the question of the liability of the two insurance companies inter se". Polonitz v. Wasilindra, 1944, 155 Pa.Super. 62, 67, 37 A.2d 136, 138.

[7] Bruder v. City of Philadelphia, 1931, 302 Pa. 378, 153 A. 725.

[8] Restatement, Agency § 440 (1933), and Pennsylvania Annotations thereto; 2 Am.Jur. 233 (1936).