## CELINA MUTUAL CASUALTY CO. *v.* CITIZENS CASUALTY CO.

[No. 59, October Term, 1949.]

*Decided January 11, 1950.*

238

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, HENDERSON and MARKELL, JJ.

*George B. Woelfel* for the appellant.

*John G. Rouse, Jr.,* and *George W. Baker, Jr.,* with whom were *Rouse & Morton* on the brief, for the appellee.

MARBURY, C. J., delivered the opinion of the Court.

A certain Charles Washington Phillips had his operator's license revoked, and under the provisions of the Motor Vehicle Financial Responsibility Law, Code 1947 Supplement, Article 66½, Sections 107 *et seq.,* in order to drive again, he had procured a policy of insurance from the appellee, hereinafter called "Citizens". This policy was what is known as a "Named Operators" policy with a limit of $5000 for bodily injury or death of one person. This policy covered Phillips as the operator of a car, but did not cover any specific automobile, as he owned none. (Article 66½, Sec. 121) The policy which was duly approved by the Commissioner of Motor Vehicles, contained the following clause with respect to other insurance: "Other Insurance (Coverages A and B)—If the insured has other insurance against a loss covered by this policy the company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability stated in the declarations bears to the total applicable limit of liability of all valid

and collectible insurance against such loss; provided, however, the insurance under Insuring Agreements V and VI shall be excess insurance over any other valid and collectible insurance available to the insured, either as an insured under a policy applicable with respect to the automobile or otherwise, against a loss covered under either or both of said insuring agreements". Article 66½, Section 112(B) (7), allows such a policy to provide for the pro-rating of insurance thereunder with other applicable and valid collectible insurance. The clause, as above set out and inserted in the policy, also had a provision for excess insurance under "Insurance Agreements V and VI", but these were not applicable to his policy, because agreement V related to the use of other private passenger automobiles, and the agreement VI related to the temporary use of substitute automobiles. These clauses are standard in policies insuring an automobile, but have no application to such a policy as this, which did not insure Phillips' automobile, but insured Phillips himself as an operator and non-owner.

Phillips' wife owned a Buick car, and she had a $5000 policy on this car issued by the appellant, hereinafter referred to as "Celina". This policy contained the following clauses: "18. Other Insurance (Coverages A, B, D, E-1, E-2, F, G and H)—If the insured has other insurance against a loss covered by this policy the company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability stated in the declarations bears to the total applicable limit of liability of all valid and collectible insurance against such loss; provided, however, the insurance with respect to temporary substitute automobiles under Insuring Agreement IV or other automobiles under Insuring Agreement V shall be excess insurance over any other valid and collectible insurance available to the insured, either as an insured under a policy applicable with respect to said automobiles or otherwise (17). 19. Other Insurance (Coverage C)—The insurance afforded with respect to other automobiles under Insuring Agree-

ment V shall be excess insurance over any other valid and collectible medical payments insurance applicable thereto."

The excess insurance provisions in this policy are the same standard ones above referred to as being in Citizens policy, and covering other automobiles or substitute automobiles. They have no bearing on the questions in this case, because the accident which was the cause of this litigation occurred during the operation of the Buick automobile primarily insured, and no other or substituted automobile was involved in it. Mrs. Phillips' policy included a definition of the word "insured" which, it was stated, "includes the named insured and also includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or with his permission." The insurance with respect to other automobiles included especially the named insured and "the spouse of such named insured, if a resident of the same household." That particular provision is not applicable to this case, but it is indicative of the general intention of Celina to put Phillips in a special class, and to include him as one of the insured under all circumstances.

On October 13, 1947, while both of these policies were in force, Phillips, while driving his wife's Buick automobile, with her permission, had an accident as a result of which George S. Wilson, an infant under the age of 21 years, was killed. His parents subsequently recovered a judgment in the Circuit Court for Anne Arundel County against Phillips for $7600 and his administrator obtained a similar judgment in the amount of $300. Thus, the total judgments growing out of the accident amounted to $7900 with interest and costs. Execution was issued, and returned *nulla bona*. Thereupon the plaintiffs in these two cases sued both Celina and Citizens in the Court of Common Pleas of Baltimore City, and after a number of preliminary proceedings, the case was heard before the Court sitting without a jury. The Court first

held that Citizens was the primary insurer, and should pay up to the limit of its policy, $5000 and Celina should pay the balance of $2900. Citizens then filed a motion for a new trial, and on this the Court came to a different conclusion, and entered judgments against each defendant for one-half of the total amount due. From these judgments Celina appealed here.

The contention of Celina is that as Phillips could not operate a car without complying with the Financial Responsibility Law, and did so by taking out and filing the policy of Citizens, this made the latter the primary insurer and Celina was, therefore, only a secondary insurer and liable only for the excess over the amount of the Citizens' Insurance.

There appears to be no very direct authority on the exact question. The general rule as to insurance policies is that where there are *pro rata* or proportionate clauses in several insurance policies insuring the same property, the insurance is concurrent and each insurer is liable for its proportionate amount. This has also been held to be the rule where there is no provision about proportionate insurance in either policy. Richards on Insurance, 4th Ed., page 455, Section 272, Joyce, Law of Insurance, 2nd Ed., Vol. 4, Sections 4911-4914, both inclusive. *Hough v. President* etc., *of Peoples Fire Insurance Co.*, 36 Md. 398; *Fire Insurance Ass'n. v. Merchants' & Miners' Transportation Co.*, 66 Md. 339, 7 A. 905, 59 Am. Rep. 162; *Hanover Fire Ins. Co. of City of New York v. Brown*, 77 Md. 64, 25 A. 989, 27 A. 314, 39 Am. St. Rep. 386; *Liberty Mutual Insurance Co. v. United States Fidelity & Guaranty Co.*, 164 Md. 117, 164 A. 179; *Home Insurance Co. v. Baltimore Warehouse Co.*, 93 U. S. 527, 23 L. Ed. 868; *American Lumbermen's Mutual Casualty Co. v. Lumber Mutual Casualty Ins. Co.*, 251 App. Div. 231, 295 N. Y. S. 321.

Celina relies principally on the case of *American Automobile Ins. Co. v. Penn Mutual Indem. Co.*, 3 Cir., 161 F. 2d 62. In that case a man named Wasilindra had taken out a policy under the law of Pennsylvania in order

to reinstate his operator's permit to drive a car, just as Phillips did in the instant case. This policy was given by the American Automobile Ins. Co. Wasilindra then undertook to drive a car owned by a man named Pender who had a policy with the Penn Mutual Indemnity Co., similar to that of Celina, with the omnibus clause insuring any person using the automobile with the owner's permission. While so doing, Wasilindra had an accident and was sued by two of his passengers who obtained judgments against him in the Pennsylvania State Court. One of these was a man named Polonitz. Polonitz issued an attachment on his judgment against the American Automobile Insurance Co. The latter claimed that under the terms of its policy it was liable secondarily only, or as an excess insurer, and that Wasilindra's liability to Polonitz was covered by the Penn Mutual, which was not a party to the case. It was contended that the plaintiff must exhaust his remedies against the Penn Mutual before he could proceed against American. The Pennsylvania Court rejected this argument and held that Polonitz was entitled to recover against American, because the latter's liability was absolute. There was in American's policy a provision that its insurance should be excess insurance over any other valid and collectible insurance available to the insurer, but there was no pro rata provision. The Pennsylvania Court expressed no opinion as to the liability of the two insurance companies inter se. *Polonitz v. Wasilindra,* 155 Pa. Super. 62, 37 A. 2d 136. American paid the judgment and sued Penn Mutual in the Federal Court, basing its right to recover on the excess insurance provision. Penn Mutual, in its policy, had a provision that the definition of insured did not apply "to any person or organization with respect to any loss against which he has any valid or collectible insurance." The Circuit Court of Appeals for the Third Circuit said that Wasilindra was the actual tort feasor, and the party primarily liable, and that his guarantor, American, could not pass its loss on to someone else, "whether or not that someone might have been

compelled to pay the injured party." The ground of this decision was that a principal cannot recover re-imbursement from a surety. In that case the question of pro-rating the loss did not arise. The provision, unsuccessfully relied upon by American, was an excess provision, but the Penn Mutual also had an excess provision in its policy, exonerating it if there were other insurance. The Court seems to have reached its conclusion on general principles, without reference to either clause. In so doing Judge Goodrich, who delivered the opinion, said "The parties have not been able to find for us any authority in Pennsylvania or elsewhere directly deciding the point involved in this suit. Neither have we been able to locate anything independently."

In the case before us we do not have a situation where the company issuing the operator's policy under the Financial Responsibility Law has paid its obligation, and then seeks to recover from the general insurer of the car. We have a proceeding by the injured parties against both insurance companies, and it may be assumed and, indeed it is conceded, that each company is liable to the holders of the judgments, and the only question is the proportion to be paid by each. Since each policy has a *pro rata* clause, which is permitted by the law, and since Phillips was covered by each policy, and the contract which each insurance company made was to pay its proportionate part of any loss which was suffered, it is difficult to see why the usual rule should not be applied and each company be required to pay its proportionate part of the judgments. That is the rule adopted by this court in fire insurance cases, based not upon the nature of the insurance, but upon the contract which the companies made.

In the case of *Ranallo v. Hinman Bros. Const. Co., D. C.*, 49 F. Supp. 920, 925, which was affirmed by the Circuit Court of Appeals for the Sixth Circuit, *Buckeye Union Casualty Co. v. Ranallo*, 135 F. 2d 921, in a per curiam opinion for the reasons set forth in the opinion of the District Judge, it is stated "* * * the natural and

necessary implication of the 'other insurance' clause, without some specific language to the contrary, is that in case of such liability as appears in the instant case, the two policies constitute co-insurance for the same liability." And, "This decision is not in conflict with the rule repeatedly expressed that the specific insurer is primarily liable and the general insurer secondarily liable. But where .policies by their express terms indicate or imply that they are to be regarded as co-insurance contracts, the mere nature of the policies can not change the express terms of the insurance contracts." In that case each policy had a proportionate insurance clause, and the court distinguished it from cases which had excess insurance clauses in the policies involved.

In the case of *Consolidated Shippers v. Pacific Employers Ins. Co.*, 45 Cal. App. 2d 288, 114 P. 2d 34, 36, there was public liability insurance by Commercial Standard for a specific truck owned by one Harvey and Pacific Employers had insured Consolidated for liability resulting from the operation of all automobiles, other than those owned by it, which were transporting merchandise for it on a contract basis. The truck owned by Harvey was so being operated when it became involved in an accident and caused the death of two persons. The trial court held that Commercial's policy afforded primary coverage and Pacific's policy secondary coverage, but the Court of Appeals said that so far as Consolidated Shippers were concerned the risk covered by each policy was the same. It said "If the policies had in affect the same coverage, neither could be primarily but both insurers were jointly liable. Each policy provided expressly that if the assured carried other insurance against a loss covered by the policy then the insurer would not be liable for a larger proportion of the entire loss than the amount payable under its policy bore to the total amount of collectible insurance. Neither contained any provision to the effect that the insurance afforded thereby was to be considered as excess insurance in the event the assured carried other collectible insurance covering the same

loss." And "To construe the Pacific policy as excess insurance is to give it a construction entirely inconsistent with the express terms of the policy. Provisions for either *pro rata* or excess insurance are based upon the same circumstance, *i.e.,* the existence of other valid and collectible insurance covering the same loss. It is obvious that if insurance is *pro rata* it cannot at the same time be excess insurance as to the same loss. The effect of a provision for the proration of an insurance loss is to require the several insurers of the same risk to share the total loss." And "Had the parties intended the Pacific policy to be excess insurance it would have been a simple matter to express such intention by appropriate language in the policy. Not having done so, they are bound by the express terms of the policy."

It is our conclusion that since both Celina and Citizens entered into contracts of insurance which contained *pro rata* clauses, and their contracts did not contain any other provisions limiting their liability, each must be held bound by what it said. Therefore neither insurance is primary, and neither is secondary. The liability is concurrent, and should be prorated between them. That was the final decision of the trial judge, and his judgments will be affirmed.

*Judgments affirmed with costs.*