# Employers Mutual Casualty Co. v. Pennsylvania Threshermens & Farmers Mutual Casualty Insurance Co.

A. *Sarowitz*, for plaintiff.

J. J. *McDevitt, 3rd*, for defendant.

REIMEL, J., April 30, 1956.—This is an action in assumpsit in which the parties waived a trial by jury and stipulated the following facts: Plaintiff company issued a policy of liability insurance in an amount limited to $15,000 to one John H. Varner which protected him against liability arising out of the operation of his automobile by himself or anyone else driving it with his consent. This policy was issued to the insured in the State of Virginia.

Defendant company insured one Lawrence C. Varner in an amount limited to $5,000 against liability arising out of the operation of any motor vehicle by himself. Lawrence C. Varner was not the owner of an automobile but obtained said insurance so that he might lawfully operate a motor vehicle in Virginia under the Code of Virginia: Act of 1944, page 595, etc., title 46.

On November 20, 1949, Lawrence C. Varner was operating the automobile of John H. Varner with his permission in Virginia when it struck and injured a father and his infant son. An action was brought against Lawrence and John Varner for these injuries. This action was settled by plaintiff and defendant insurance companies for $3,625.50. Plaintiff and defendant companies were unable to agree on the proportionate shares of said settlement and they entered into

an agreement whereby plaintiff would pay three fourths of the settlement and defendant one-fourth thereof, without prejudice, pending determination by the court of the primary and secondary liability of the parties or their liability to pay proportionate parts of the settlement.

Plaintiff brought this action pleading in the alternative: (1) That defendant is liable for the entire amount of the settlement because it is primarily liable while plaintiff is merely secondarily liable; or (2) that plaintiff and defendant are liable in equal amounts. In its answer to the complaint defendant avers that the insurance issued by its company was merely excess insurance over the amount of plaintiff's policy and that since the amount of the settlement did not exceed the amount of plaintiff's policy, defendant company is not liable for any portion thereof.

Paragraph 18 of both policies provides:

"If the insured has other insurance against a loss covered by this policy the company shall not be liable under the policy for a greater proportion of such loss than the applicable limit of liability stated in the declarations bears to the total applicable limit of liability of all valid and collectible insurance against such loss; provided however the insurance with respect to temporary substitute automobile under insuring agreement IV or other automobile under insuring agreement V shall be excess insurance over any other valid and collectible insurance available to the insured either as an insured under a policy applicable with respect to said automobile or otherwise."

It must be noted that agreements IV and V of paragraph 18 have no application to the case at hand.

Section III of both insuring agreements define the term "insured" as follows:

"With respect to the insurance for bodily injury liability and for property damage liability the unquali-

fied word 'insured' includes the named insured and also includes any person while using the automobile and any person or organization legally responsible for the use thereof provided the actual use of the automobile is by the named insured or with his permission."

This court will apply the law of the forum in interpreting these contracts of insurance: Faron v. Penn Mutual Life Insurance Co., 176 F. 2d 290, 291, 292 (1949). Unfortunately the courts of that jurisdiction have not decided the matter now before me.

The only American case which decides the issue in question is Celina Mutual Casualty Co. v. Citizens Casualty Co., 194 Md. 236, 71 A. 2d 20, 21 A. L. R. 2d 605 (1950).

In that case a wife owned a car and carried an insurance policy for $5,000 coverage which was similar to the one issued to John Varner in the case at hand. Her husband carried an insurance policy for $5,000 which was similar to the policy held by Lawrence Varner. Both of the policies in the Celina case contained clauses identical to paragraph 18 and section 3 of the policies in the case at issue.

While the husband was driving his wife's car he struck and killed a child. A judgment for $7,600 was obtained by the child's parents and the question to be decided was the proportionate amount each company must pay.

In holding each company liable for its pro rata share of the insurance covering the accident, the court rejected the view of primary and secondary liability and stated:

"The general rule as to insurance policies is that where there are *pro rata* or proportionate clauses in several insurance policies insuring the same property, the insurance is concurrent and each insurer is liable for its proportionate amount."

The court goes on to say:

"Since each policy has a *pro rata* clause, which is permitted by the law, and since Phillips was covered by each policy, and the contract which each insurance company made was to pay its proportionate part of any loss which was suffered, it is difficult to see why the usual rule should not be applied and each company be required to pay its proportionate part of the judgments."

In its conclusion the court held:

"It is our conclusion that since both Celina and Citizens entered into contracts of insurance which contained *pro rata* clauses, and their contracts did not contain any other provisions limiting their liability, each must be held bound by what it said. Therefore neither insurance is primary, and neither is secondary. The liability is concurrent, and should be prorated between them."

Under the terms of the policy issued by plaintiff company in this action Lawrence Varner would be classified as an insured since he was driving with the permission of the owner. Since he was an insured under the terms of the policy, the pro rata provision of both policies would apply to the proportional share its policy bears to the total amount of insurance.

Each policy contains pro rata clauses and no other provision which limits their liability. Neither insurance is primary or secondary; it is concurrent and the amount to be paid should be prorated between them.

The court decides that defendant has paid claimant $906.37, which represents its pro rata share in full, and therefore has discharged its obligation.

The court finds for defendant.