## Fox v. Balodis

*D. W. Vanartsdalen,* for plaintiff.

*Donald B. Smith* and *William R. Cameron,* for defendants.

FULLAM, J., April 15, 1964.—As the result of a trespass action, plaintiffs obtained consent verdicts aggregating $4,000 against defendant Peter Balodis. At the time of the accident which gave rise to the causes of action, Balodis was the operator of a motor vehicle owned by one Juris Reinsons. As such, he was covered by two separate liability insurance policies: (1) A policy issued by Harleysville Insurance Company to Reinsons, the owner of the car, which included in the definition of "persons insured" "any other person using such automobile, provided the actual use thereof is with the permission of the named insured"; and (2) an "operator's policy" issued to Balodis himself by Bankers Insurance Company of Pennsylvania, to satisfy the requirements of The Vehicle Code of April 29, 1959, P. L. 58, 75 PS §1401, et seq.

The judgment, entered June 7, 1963, not having been paid, plaintiffs brought the present attachment execution proceeding, naming both insurance companies as garnishees. Presently before the court for disposition is plaintiffs' motion for judgment on the pleadings against both garnishees. The record before us consists of the

answers to interrogatories filed by the respective garnishees, and a stipulation of counsel.

Both garnishees seem to assume in their arguments that it is the function of this court in the present proceeding to determine the relative rights and liabilities of the two insurance companies with respect to each other. The assumption is invalid. If either of the garnishees had seen fit to live up to its clear contractual obligations by paying the judgment, the rights of the two companies with respect to each other might, in appropriate proceedings, be adjudicated. Cf. Employers Mutual Casualty Co. v. Pennsylvania Threshermens & Farmers Mutual Casualty Insurance Co., 9 D. & C. 2d 298 (1956). As matters now stand, our sole function is to determine the rights of the plaintiffs with respect to each of the garnishees.

Bankers seeks to avoid the entry of judgment against it because of a provision in its policy, paragraph 3 of endorsement No. 1, that "This insurance shall be excess insurance over any other valid and collectible insurance for Bodily injury Liability . . ." However, this provision is not authorized by the statute pursuant to which the policy was issued. Section 1421 of The Vehicle Code, 75 PS §1421, is quite specific in setting forth the requirements of a "motor vehicle liability policy" which is acceptable as proof of financial responsibility under the provisions of the act. The only limits of liability permitted are the basic limitations of $10,000 for injury to any one person in any one accident, $20,000 total for any one accident, and $5,000 for property damage in any one accident; and the further provision, in subsection (i) :

"Any motor vehicle liability policy may provide for the prorating of the insurance thereunder with other valid and collectible insurance."

Whatever may be the validity of the "excess" clause in the Bankers' policy as between the company and

Balodis, or as between the company and Harleysville, the clause is invalid and of no effect whatever, insofar as Bankers' liability to plaintiffs is concerned. This precise question was squarely decided by the Superior Court in Polonitz v. Wasilindra, 155 Pa. Superior Ct. 62 (1944). See also Sky v. Keystone Mutual Casualty Co., 150 Pa. Superior Ct. 613, 616; Montgomery v. Keystone Mutual Casualty Co., 357 Pa. 223 (1947); Veihdeffer v. Keystone Mutual Casualty Co., 40 D. & C. 657 (1940). While the statutory elimination of so-called "policy defenses" does not, even as to third parties, prevent the company from defending on the basis that the liability asserted is not within the coverage provided, even the latter defense is available only when the policy provides coverage in strict compliance with the statute: Kyle v. McCarron, 201 Pa. Superior Ct. 403 (1963). Moreover, the Bankers' policy expressly provides that "When this policy is certified as proof of financial responsibility for the future under the provisions of the motor vehicle responsibility law of any state or province, such insurance as is afforded by this policy . . . shall comply with the provisions of such law . . ."

Accordingly, it is very clear that plaintiffs are entitled to judgment against Bankers for the full amount of their judgment.

As for the liability of Harleysville, it is conceded that Peter Balodis, who was using the Reinsons automobile with the consent of the owner, falls within the definition of an "insured" under the terms of the Harleysville policy. Accordingly, plaintiffs would be entitled to judgment against Harleysville for the full amount of the underlying judgment, were it not for the pro rata clause in the Harleysville policy, which provides:

"Other Insurance. If the insured has other insurance against a loss covered by Part I of this policy the company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of

liability stated in the declarations bears to the total applicable limit of liability of all valid and collectible insurance against such loss . . ." Harleysville's policy limits were $25,000, and $50,000; Bankers' policy limits were $10,000 and $20,000; thus, the quoted clause in the Harleysville policy limits Harleysville's liability to 5/7ths of the amount of the judgment.

Harleysville argues that the absence of a pro rata clause in the Bankers' policy requires a different result, and that under the circumstances, Bankers should be regarded as primarily liable, and Harleysville as only secondarily liable. We reject this contention. In the first place, as stated at the outset, we decline to adjudicate the relative rights of the two insurance companies, but are here concerned only with the rights of plaintiffs toward each. Under the provisions of its policy, Harleysville is clearly liable to plaintiffs for the pro rata share. In the second place, the absence of a pro rata clause in the Bankers' policy merely affects Bankers' initial liability to plaintiffs, and does not affect Bankers' right to obtain contribution from other insurers, if there was in fact "double insurance". See Miller v. The Home Ins. Co., 108 Pa. Superior Ct. 278, 281 (1933) ; and cf. Sloat v. The Royal Insurance Co., 49 Pa. 14.

Counsel for Harleysville rely heavily upon two federal court decisions in a case which arose as an aftermath to Polonitz v. Wasilindra, supra. In that case, the operator's policy, issued under the Financial Responsibility Act, contained an "excess insurance" clause, while the owner's policy expressly provided that its definitions of "insured" ". . . do not apply (a) to any person or organization with respect to any loss against which he has any valid or collectible insurance." An injured party obtained a judgment against the operator, and issued an attachment execution against

the operator's insurance carrier alone. The Pennsylvania Superior Court held that the excess insurance clause in the operator's policy was inoperative because of the provisions of the Safety Responsibility act, and accordingly the operator's insurance company was required to pay the entire judgment. Thereafter, it sued the owner's insurance company for contribution, in the Federal District Court for the Eastern District of Pennsylvania. The district court, in an opinion by Judge Kalodner, dismissed the action, holding that the decision of the Pennsylvania Superior Court conclusively established that the operator in fact had "valid or collectible insurance" against the loss in question, and therefore the owner's policy did not provide coverage: American Auto. Ins. Co. v. Penn Mutual Indemnity Co., 66 F. Supp. 159. Compare Grasberger v. Liebert & Obert, Inc., 335 Pa. 491 (1939). On appeal, this decision was upheld by the Circuit Court of Appeals in American Auto. Ins. Co. v. Penn Mutual Indemnity Co., 161 F. 2d 62 (1947). It is true that the Circuit Court opinion found further support for the result reached by the district court in an analogy to the situation which would have existed if the owner had been found liable on the basis of respondeat superior; and in this connection the court used the terms primary and secondary liability. But the decision was clearly not intended as a holding that where the operator of a vehicle comes within the definition of an "insured" under two separate policies of liability insurance, the liability of one insurance carrier is "primary" and the other "secondary." In any event the law of Pennsylvania appears to be otherwise. See Employers Mutual Casualty Co. v. Penna. Threshermens & Farmers Mutual Casualty Ins. Co., supra; and in this respect Pennsylvania is no different from other jurisdictions:

"If several policies of insurance are issued upon the same interest and risk, and only one of them contains a

pro rata clause, and the insurers which issue the others, or any of them which do not contain such clause, pay more than their share, they will be entitled to contribution from the underwriters of the policy which contains this clause": 7 Couch on Insurance §1848, page 6169. See also Scotney v. Wessaw, 56 D. & C. 551 (1946).

While not involved in the present decision, it may be pertinent to note that the Bankers' policy contains the following provision:

"When this policy is certified as proof of financial responsibility for the future under the provisions of the motor vehicle financial responsibility law of any state or province, such insurance as is afforded by this policy for bodily injury liability or for property damage liability shall comply with the provisions of such law . . . The insured agrees to reimburse the company for any payment made by the company which it would not have been obligated to make under the terms of this policy except for the agreement contained in this paragraph."

Without attempting to explore all of the various possible ramifications of this provision, we may properly comment that, if Harleysville's present contentions were sound, the net effect might conceivably be that Mr. Balodis, although insured under two separate policies of liability insurance, for which two companies each received premiums, would nevertheles be required to pay the entire loss himself. Another possible result, arguably, might be that Harleysville would ultimately pay the entire loss, if the "excess" clause in the Bankers policy were held to be binding and enforceable as between companies.

To summarize, it is our opinion that plaintiffs are entitled to judgment on the pleadings against Bankers Insurance Company in the full amount of the judgment plus interest and costs, and against Harleysville Insurance Company in the amount of 5/7ths of the judgment and costs. Of course, plaintiffs are not entitled to be

paid more in the aggregate than the amount of their judgment plus interest; and we shall therefore retain control over any executions which may issue. Cf. Speier v. Ayling, 158 Pa. Superior Ct. 404, 405 (1946).

*Order*

And now, April 15, 1964, for the reasons set forth in the foregoing opinion, it is ordered, adjudged and decreed as follows:

1. The prothonotary is directed to enter judgment in favor of plaintiffs and against the garnishee Bankers Insurance Company of Pennsylvania in the sum of $4,000, with interest thereon from March 4, 1963, together with costs.

2. The prothonotary is directed to enter judgment in favor of plaintiffs and against the garnishee Harleysville Insurance Company in the sum of $2,857.14, with interest thereon from March 4, 1963, together with costs.

3. In the event execution is issued against either or both of the said garnishees, the aggregate amount of the damages assessed shall not exceed $4,000 plus interest thereon from March 4, 1963, together with costs.