## DELORES DUKEMAN v. HARDWARE MUTUAL CASUALTY COMPANY AND OTHERS.

174 N. W. (2d) 237.

February 6, 1970—No. 41649.

*Kain & Kressel* and *John G. Kressel,* for appellant.

*Murnane, Murnane, Battis, deLambert & Conlin* and *Thomas J. Battis,* for respondent Aetna Casualty & Surety Company.

Heard before Knutson, C. J., and Nelson, Murphy, Peterson, and Graff, JJ.

MURPHY, JUSTICE.

This is an appeal from a declaratory judgment in an action brought to determine the respective liabilities of two automobile insurance companies whose policies expose them to overlapping coverage of an accident-involved automobile.

From the record it appears that plaintiff, Delores Dukeman, was insured by defendant Aetna Casualty and Surety Company on or about February 26, 1963. Its policy covered a 1954 Chevrolet and a 1962 Chrysler. The policy was in effect on October 13, 1964, when plaintiff and her husband purchased a new automobile from Bernard's Super Service, Inc., a dealership in New Richmond, Wisconsin. As a part of the purchase agreement, plaintiff immediately traded in the 1962 Chrysler, even though the new car was not to be delivered for approximately 6 to 8 weeks. To accommodate plaintiff, the seller furnished a loaner automobile for her convenience. No restrictions were placed on its use. Plaintiff and her husband informed the Aetna agent, one Clifford R. Thomas, of this transaction, and while there is a conflict in the evidence, the court could find as a fact that the 1962 Chrysler was deleted from the Aetna policy and plaintiff was given an oral binder by the agent, the effect of which was to provide the same coverage on the borrowed car as she had on the Chrysler which was traded in.

On October 26, 1964, plaintiff was involved in an accident with one Francis Kichler while driving the borrowed car. As a result, Kichler brought an action for damages in the claimed amount of $110,000 against plaintiff in the District Court of Ramsey County, alleging personal injury arising out of the negligent operation of the loaned vehicle by plaintiff. In a letter dated November 11, 1965, Aetna acknowledged coverage of plaintiff up to the $100,000 figure stipulated in the policy and cautioned her to consider retaining counsel to represent the additional $10,000 sought in the action. At a later date Aetna denied coverage. Defendant Hardware Mutual Casualty Company, insurer for Bernard's Super Service, Inc., also denied coverage. As a result, plaintiff brought this action to compel one or both of defendant insurance companies to provide coverage and to supply counsel.

The relevant portions of the Aetna policy are as follows:

"AETNA CASUALTY will pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of bodily injury or property damage, arising out of the ownership, maintenance or use of an owned automobile or a non-owned automobile, and AETNA CASUALTY shall defend any suit alleging such bodily injury or property damage and seeking damages which are payable under the terms of this policy, even if any of the allegations of the suit are groundless, false or fraudulent; but AETNA CASUALTY may make such investigation and settlement of any claim or suit as it deems expedient.

\* \* \* \* \*

" 'non-owned automobile' means an automobile not owned by or furnished or available for the regular use of either the named Insured or any resident of the same household, and includes, while used therewith, a home trailer not owned by the named Insured or a utility trailer, but 'non-owned automobile' does not include a temporary substitute automobile;

\* \* \* \* \*

" 'Temporary substitute automobile' means an automobile not owned by the named Insured or any resident of the same household, while temporarily used with the permission of the owner as a substitute for an owned automobile when withdrawn from normal use for servicing or repair or because of its breakdown, loss or destruction;

\* \* \* \* \*

"If the Insured has other insurance against a loss to which the Liability Coverage applies or other automobile insurance affording benefits for medical expenses against a loss to which the Medical Expense Coverage applies, Aetna Casualty shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability under this policy for such loss bears to the total applicable limit of liability of all valid and collectible insurance against such loss; provided, however, the insurance with respect to a temporary substitute or non-owned automobile shall be excess insurance over any other valid and collectible insurance and if the Insured has other excess or contingent insurance applicable to loss arising out of the use of a temporary substitute or non-owned automobile, Aetna Casualty shall not be liable under this policy for a greater proportion of such loss than the amount which would have been payable under this policy, had no such other insurance existed, bears to the sum of said amount and the amounts which would have been payable under each other policy applicable to such loss, had each such policy been the only policy so applicable."

Similar provisions of the Hardware Mutual policy state:

"Automobile Hazards

"1. All Automobiles

\* \* \* \* \*

"(b) The ownership, maintenance or use of any automobile owned by the named insured while furnished for the use of (i) the named insured, a partner therein, an executive officer thereof or, if a resident of the same household, the spouse of any of

them, or (ii) any other person or organization to whom the named insured furnishes automobiles for their regular use.

\* \* \* \* \*

*"Persons Insured*

"Each of the following is an insured under Part I, except as provided below:

\* \* \* \* \*

"(3)    With respect to the Automobile Hazard:

\* \* \* \* \*

"(b)    any person while using an automobile to which the insurance applies under paragraph 1(b) of the Automobile Hazards with the permission of the person or organization to whom such automobile is furnished, provided such person's actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission.

\* \* \* \* \*

"3.    *Other Insurance*    If the insured, or with respect to Part II the claimant, has other insurance against a loss covered by this policy, the company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability under this policy for such loss bears to the total applicable limit of liability of all valid and collectible insurance against such loss.

"The above provision shall not apply with respect to other insurance stated to be applicable to the loss only as excess insurance over any other valid and collectible insurance or on a contingent basis."

The pertinent findings of the trial court are:

"That at the time of said accident the plaintiff was insured by the defendant Aetna Casualty and Surety Company, pursuant to a policy of insurance, which was still in force and effect at the time of the accident, in which is described as one of the automobiles covered by said policy, a certain Chrysler passenger automobile.

"That on or about October 13, 1964, the plaintiff had entered into a contract with the defendant Bernard's Super Service, Inc., for the purchase of a new Chrysler automobile, and, in accordance with said contract, had transferred her Chrysler automobile described in the policy to the said Bernard's Super Service, Inc., and the latter delivered to the plaintiff a Dodge automobile owned by it for the plaintiff's use until her new Chrysler was ready for delivery.

"That Bernard's Super Service, Inc. was insured by defendant Hardware Mutual Casualty Company under a so-called garage owner policy, which extended coverage to the garage owner and to any person using an automobile of the garage company with the permission of the latter.

"That prior to completing the contract for the purchase of the new Chrysler, the plaintiff and her husband both notified the defendant Aetna Casualty and Surety Company that they were turning in the Chrysler automobile described in the policy in exchange for a new Chrysler, and that while they were waiting delivery they would be operating a Dodge automobile loaned to them by defendant Bernard's Super Service, Inc., from whom they were purchasing the new car, and that they desired coverage, and were advised by the defendant Aetna Casualty and Surety Company that they would be covered in the operation of the Dodge automobile under their policy, and that if any binders were necessary they would be issued."

In its conclusions of law, the court stated:

"That, as between the two insurance companies, the policy of the Hardware Mutual Casualty Company affords the primary coverage to the plaintiff, and the policy of the defendant Aetna Casualty and Surety Company affords coverage under the excess liability clause of its policy."

Defendant-appellant Hardware Mutual contends that the trial court erred in its determination that, as between the two companies, its policy affords the primary coverage to plaintiff, and

the policy of defendant Aetna affords the secondary coverage under the excess liability clause of its policy. Hardware Mutual submits that both defendants ought to be deemed to afford concurrent coverages to plaintiff and that they should bear any loss suffered by plaintiff, distributed ratably between them according to the limits of coverage.

The trial court felt that his decision was controlled by our holding in Federal Ins. Co. v. Prestemon, 278 Minn. 218, 153 N. W. (2d) 429. That case also involved a garage-owned automobile loaned to a customer whose personally-owned automobile was being repaired. We noted in that case the difficulty in determining the extent of liability created by policy provisions designed to escape liability where there is overlapping coverage. We there held that, in construing the two automobile liability policies issued by separate insurers, both of which purport to restrict or escape liability for a particular risk in the event there is other insurance, the rule generally followed is that, where one of the policies contains an "excess insurance" clause and the other contains a "no liability" clause, liability is imposed upon the latter, the reason being that the "excess insurance" policy does not in fact provide other valid and collectible insurance as far as the "no liability" clause of the other policy is concerned.

We are of the view that there are two significant distinctions between Federal Ins. Co. v. Prestemon, *supra,* and the case before us, which require a different result. Unlike the Prestemon case, we have in the case before us two policies, each providing primary coverage, and each providing for ratable distribution of loss.

Our determination that Aetna provided primary coverage to the loaned automobile follows from the trial court's finding that the accident-involved automobile was insured by an oral binder given by an authorized agent of Aetna. The determination of primary coverage eliminates from the provisions of the Aetna policy the category of the "non-owned automobile" or the "temporary substitute automobile" referred to in the escape clauses of the

contract. The finding of the trial court that an oral binder was provided to plaintiff was not challenged in the court below. Since it is not contended that the agent's undertaking was outside the scope of his authority, the finding of the trial court must be sustained. Koivisto v. Bankers & Merchants Fire Ins. Co. 148 Minn. 255, 181 N. W. 580, 17 Minn. L. Rev. 572; Nehring v. Bast, 258 Minn. 193, 103 N. W. (2d) 368, 85 A. L. R. (2d) 1400. We conclude that, since the loaned automobile was specifically covered by Aetna's binder, primary coverage exists.

The second significant distinction between this case and Prestemon is that here both the Aetna and Hardware Mutual policies provide by identical language that where overlapping coverage exists, liability should be shared ratably by the insurers. In this connection, the policies recite:

"* * * [The insurer] shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability under this policy for such loss bears to the total applicable limit of liability of all valid and collectible insurance against such loss;"

Under such circumstances each insurer must pay its share of the damages and defense expenditures in proportion to the limits of the respective policies. 7 Am. Jur. (2d) Automobile Insurance, § 200; Woodrich Const. Co. v. Indemnity Ins. Co. 252 Minn. 86, 89 N. W. (2d) 412; Celina Mutual Cas. Co. v. Citizens Cas. Co. 194 Md. 236, 71 A. (2d) 20, 21 A. L. R. (2d) 605.

We accordingly conclude that the respective policies provide concurrent coverage and remand the case to the district court with direction to amend the conclusions of law and order for judgment to conform with the views herein expressed.

Reversed and remanded with directions.