Continental Casualty Company, a Corporation, and New Hampshire Insurance Company, a Corporation, Plaintiffs-Appellees, v. William F. Fleming, Defendant-Appellant.

Gen. No. 10,480.

Fourth District.

March 6, 1964.

Allen & Korkowski, of Rantoul, for appellant.

Jack H. Anderson, of Charleston, for Continental Cas. Co., and John J. Yelvington, of Mattoon, for New Hampshire Insurance Co., appellees.

CROW, P. J.

This is an appeal by the defendant, William F. Fleming, from two judgments,—one in favor of the plaintiff Continental Casualty Company for $570.48 and one in favor of the plaintiff New Hampshire Insurance Company for $570.48. After the plaintiff Continental Casualty Company filed its complaint, the plaintiff New Hampshire Insurance Company intervened and filed its complaint also against the defendant. Motions to dismiss were denied, and the defendant answered, denying most of the substantial allegations thereof, but not denying the allegations that the plaintiffs were corporations authorized to do business in Illinois. A trial before a jury was had, but at the close of all the evidence the court directed verdicts in favor of the plaintiff Continental Casualty Company for

$570.48 and in favor of the plaintiff New Hampshire Insurance Company for $570.48. Judgments were entered thereon. The defendant's post trial motion was denied and this appeal followed.

Both plaintiff insurance companies had paid a single collision damage loss on the same insured vehicle arising out of the same accident. Thereafter the plaintiffs ascertained that the defendant had been paid by both of them for the same loss and each demanded a refund from the defendant, which the defendant refused. It is not denied that the two policies of insurance were in force at the time on the same vehicle. The court allowed a recovery for each plaintiff in the foregoing amount of $570.48, which was computed after giving the defendant credit for one-half the applicable premiums paid, and which judgments, in effect, require the defendant to refund to each plaintiff one-half of the smaller of the two payments, namely, that of the Continental Casualty Company, which was for $1,316.97 (which check the defendant had kept), and which judgments, in effect, required the plaintiffs to pro rate or share the larger of the two payments, namely, that of New Hampshire Insurance Company, $1516.97, which was the amount of insurance proceeds actually ultimately paid and delivered by check to the repair man who repaired the damaged car.

The plaintiff Continental Casualty Company in its complaint, as amended, alleged that it was a corporation authorized to do business in Illinois and that on October 4, 1959, it issued a policy of insurance to Columbia Machine, Inc., which, inter alia, covered a certain 1959 Chrysler Crown Imperial automobile owned by the defendant, William F. Fleming (an employee of Columbia Machine, Inc.); that the coverage, in part, included $100 deductible collision insurance; that the defendant was involved in an automobile accident on January 12, 1960, and damages to his auto-

278

mobile were sustained in the amount of $1416.97; that the automobile was repaired; and that upon receipt of a claim by the defendant for reimbursement the plaintiff paid the defendant $1316.97 (being that loss, as so reported, less the $100 deductible). That plaintiff further alleged that at the time of the occurrence the defendant also had a policy covering the same automobile, with $50 deductible collision insurance, with New Hampshire Insurance Company; that on receipt of a claim by the defendant to New Hampshire Insurance Company for the same damages to the same automobile arising out of the same occurrence, a duplicate payment was made to the defendant by the New Hampshire Insurance Company of $1466.97 (being the loss, as reported to that company, less the $50 deductible thereunder); and that Continental had no knowledge of the New Hampshire policy at the time Continental paid the defendant. The plaintiff Continental alleged its $1316.97 payment was made through mistake, the defendant was not entitled thereto, and, as amended, prayed judgment for $658.48 (one-half of the $1316.97 payment of Continental).

The complaint, as amended, by the intervening plaintiff New Hampshire Insurance Company alleged, in substance, that it was a foreign corporation authorized to do business in Illinois; that on August 1, 1959, that company issued its policy of insurance to the defendant, William F. Fleming; that the policy insured a 1959 Chrysler Crown Imperial four door hardtop, which was owned by the defendant; that he was and is an employee of Columbia Machine, Inc.; that the policy insured the vehicle against collision and extended coverage and, in part, included $50 deductible collision insurance; on January 12, 1960, the automobile was damaged in an accident in the amount of $1516.97 and was repaired; that the defendant made a claim against that company for reimbursement of

279

the damages and the company paid the defendant $1466.97. The plaintiff New Hampshire further alleged that at the time of the occurrence and for a period of time theretofore the defendant, through his employer, Columbia Machine, Inc., was covered by a fleet policy of insurance issued by Continental Casualty Company, covering the same vehicle, with $100 deductible collision insurance, and that as a result of the occurrence the defendant made claim to the Continental Casualty Company in the amount of $1316.97; that the defendant has been paid duplicate payments arising out of the same accident, the same damages, and the same transaction by the plaintiff Continental Casualty Company and the plaintiff New Hampshire Insurance Company; that New Hampshire had no knowledge of the existence of a policy on the vehicle with Continental; and that the $1466.97 paid by the intervening plaintiff to the defendant and received by him was through mistake and that the defendant was not and is not entitled thereto. The plaintiff New Hampshire prayed, as amended, for a judgment of $658.48 (one half the $1316.97 payment of Continental), which was the smaller of the two payments.

It appears from the evidence that prior to August 1, 1959 the defendant carried a policy of insurance, including $50 deductible collision coverage, on his automobile with the plaintiff New Hampshire Insurance Company. He said he did not know the name of the insurer. The renewal premium was paid in January 1959. He was an employee of Columbia Machine Co. The defendant was notified sometime shortly after January, 1959, by his employer that they had insured his automobile (and others) under a fleet policy (with Continental Casualty Co.) and had deducted the premium of $150.93 from his monthly commissions. The defendant said he did not know who that insurer was either. The defendant permitted the agent of New

Hampshire to renew that company's policy, making it applicable to a newly purchased auto,—the one involved in the later accident. Knowing that he had coverage with New Hampshire, he wrote his employer May 28, 1959, requesting information as to the type of coverage that they had placed on his car. By a letter signed by an office secretary of his employer, he was advised that he had bodily injury, property damage, medical pay, comprehensive, and theft insurance in certain amounts under the company fleet policy, and what the premium was. No mention was made in that letter of collision coverage. The defendant testified that he did not then know that the company fleet policy obtained by his employer from the Continental Casualty Company also included collision coverage and that he was hence doubly insured as to collision damages to his car. The car was damaged in an accident January 12, 1960, while both policies were in effect. The cost of repairs as determined by New Hampshire Insurance Co. was $1566.97. That company paid the defendant $1516.97. Continental Casualty Co. paid the defendant the loss, as determined by them, less a $100 deductible, or $1316.97. The defendant endorsed the New Hampshire $1516.97 check to the repair man, and the defendant kept the Continental $1316.97 check.

The New Hampshire Insurance Company policy contained an "other insurance" clause relative to physical damages,—collision coverage, as follows, so far as relevant:

> *"Other Insurance.* If the insured has other insurance against a loss covered by Part III of this Policy, the Company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability of this policy bears to the total applicable limit of liability of all valid and collectible insurance against such loss; . . ."

The Continental Casualty Company's fleet policy issued to Columbia Machine Company, Inc. for the benefit, in part, of the defendant also contained an "other insurance" provision relative to collision coverage as follows:

> "*Other Insurance.* If the insured has other insurance against a loss covered by this endorsement the Company shall not be liable under this endorsement for a greater proportion of such loss than the applicable limit of liability stated in the declarations bears to the total applicable limit of liability of all valid and collectible insurance against such loss."

The defendant's March 9, 1960 sworn proof of loss to New Hampshire claimed $1516.97, said the actual loss was $1566.97, and included this:

> "The total insurance covering perils above stated, including this policy and any other policies (whether valid or not), binders or agreements to insure, was at the time of said loss . . . CV50.00 Ded."

The defendant's February 5, 1960 sworn proof of loss to Continental claimed $1316.97 and included this:

> "The actual cash value of the property described by aforesaid policy, the actual amount of loss or damage, the total insurance thereon at the time of said loss and damage as shown by annexed schedule, amount named in this policy, and the amount claimed under this policy are as follows:

| Cash Value | Whole Loss | Whole Insurance | Amount named in this policy | Amount Claimed Under this policy |
|---|---|---|---|---|
| ACV | $1416.97 | ACV | $100.00 ded. | $1316.97" |

At the time the proofs of loss were submitted to the companies and when the companies' respective checks were received, the defendant knew he had a $50 deductible collision insurance policy with one company and a $100 deductible collision insurance policy with the other company.

The plaintiffs' theory is that the defendant may not be enriched by a double recovery under two policies of collision insurance; indemnity is all a collision insurance policy provides; public policy precludes a double recovery; the insurance contract and the subrogation agreement preclude a double recovery; only a pro rata part of an insured's loss may be recovered from each insurer where the policies contain "pro rata" clauses; the allegations as to the plaintiffs' capacity to sue are admitted by the pleadings; and the Court properly directed the jury to return verdicts in favor of the plaintiff and the intervenor plaintiff in the amounts of $570.48 each.

The defendant's theory is the Court erred in directing verdicts for the plaintiffs; the Court should have directed verdicts for the defendant; or, alternatively, the Court should have permitted the jury to decide the issues. The defendant concedes that he carried the two policies, one with each of the plaintiffs, and that he paid the two respective premiums, and says that the only question is whether or not he is entitled to retain the payments made by each of the plaintiff companies, and, if not, whether the plaintiffs have sufficiently proven their case to be entitled to the verdicts and judgments. He also urges that the plaintiffs have not proved they are corporations authorized to do business in Illinois and hence cannot maintain this action. And he further contends there is no evidence the plaintiffs paid the defendant under a mistake of fact.

■ Under paragraph 40 of the Civil Practice Act, c 110, Ill Rev Stats 1963, § 40(2), so far as material, every allegation, except allegations of damages, not explicitly denied is admitted. Not having explicitly denied in his answers the allegations of the complaints, as amended, that the plaintiffs were corporations authorized to do business in Illinois, those allegations were admitted by the defendant. No proof thereof was necessary.

With some exceptions not relevant here, insurance is a contract of indemnity by which the insurer, so far as relevant, undertakes to indemnify the insured against pecuniary loss arising from the destruction of, or injury to, the insured's property from certain perils: 22 Ill Law and Practice, pp 17, 18. The essence of the contract is indemnity against loss. An insurance policy is a formal document which is written evidence of the contract of insurance: 22 ILP, p 136. The extent of the insurer's liability under any particular insurance policy depends on the terms of the policy. An insurance policy may provide for an apportionment of the loss in the event that there is other insurance against the loss, and where the policy so provides, an insurer is not liable for a greater proportion of any loss than the amount insured by the policy bears to the whole insurance on the property: 22 ILP, p 460. The extent to which the insurer can be held liable under a policy covering damage to an automobile is governed by the terms of the policy: 22 ILP, p 462. Under some circumstances an insurer may recover back from the insured amounts which have been wrongfully obtained from it by the insured by false representations: 22 ILP, p 556.

■■ The general rule is that a contract for insurance is, normally, for indemnity: Pontiac Mut. County Fire & Lightning Ins. Co. v. Sheibley (1916) 203 Ill App 527, affirmed 279 Ill 118, 116 NE 644. An

insured cannot ordinarily have a double recovery: Hartford Fire Ins. Co. v. Chicago Tunnel Terminal Co. (1957) 12 Ill App2d 539, 139 NE2d 770. The general rule as to insurance policies is that where there are pro rata or proportionate clauses in several insurance policies insuring the same property, the insurance is concurrent and each insurer is liable for its proportionate amount; the natural and necessary implication of the "other insurance" clause in two applicable insurance policies, without some specific language to the contrary, is that if there be liability thereunder the two policies constitute coinsurance for the same risk; the effect of a provision for the proration of an insurance loss is to require the several insurers of the same risk to share the total loss: Celina Mut. Cas. Co. v. Citizens Cas. Co. etc. (1950) 194 Md 236, 71 A2d 20, 21 ALR 2d 605 (see Note at 21 ALR2d 611),—a case involving automobile liability insurance under two different policies by two different insurers, each policy containing an "other insurance" or "pro rata" provision substantially similar to the almost identical "other insurance" or "pro rata" provisions of the Continental and New Hampshire policies here concerned. We perceive no reason why the same principle does not apply to automobile collision insurance as to automobile liability insurance.

Since both the plaintiff Continental and the plaintiff New Hampshire entered into contracts of insurance which contained "other insurance" or "pro rata" clauses, in substantially identical language, and their contracts did not contain any other provisions limiting their liability (except the actual cash value and the respective $100 deductible and $50 deductible clauses, as to which there is no controversy), each insurer must be held bound by what it said,—and, concomitantly, the defendant insured is also bound by what the policies say. Neither policy is primary. Neither

285

is secondary. They are concurrent, and the risk must be prorated between them in accordance with the terms of their respective policies and pursuant to the "other insurance" or "pro rata" clauses of each policy. The insurers and the insured are governed by those provisions.

But the insurers' undertakings under their respective policies, so far as relevant, were simply to indemnify the insured against pecuniary loss arising from the destruction of, or injury to, his property from the peril of a collision, subject to the respective deductible provisions. For the insurers to do anything more than that, and for the insured to receive anything more than that is not consonant with the essence of a contract of indemnity against loss and is contrary to the terms of the policies. The defendant insured's sworn proofs of loss to the plaintiffs insurers knowingly and patently did not accurately state the facts as to the actual amount of the loss or damage or as to the total applicable insurance in effect at the time. At the least, the insured knowingly misled the insurers into making, in effect, duplicate payments for the same loss under a patent mistake of fact and then knowingly kept or used the duplicate payments. The plaintiffs insurers may recover back from the defendant insured the amounts wrongfully obtained from them by him. The verdicts and judgments accomplish that, and they result in requiring the two insurers of the same risk as to the same property to share the total actual loss,—but only the total actual loss,—proportionately, pursuant to their policies. The verdicts were properly directed. The defendant refers us to no authorities to the contrary.

The judgments are correct and will be affirmed.

Affirmed.

SPIVEY and SMITH, JJ., concur.