NATIONAL SURETY CORPORATION, Plaintiff-Appellee, v. SWISSLER PLUMBING, INC., *et al.*, Defendants-Appellants (The Northern Trust Company, as Plenary Guardian of the Estate of Norman A. Petersen, a Disabled Person, Plaintiff; Swissler Plumbing, Inc., *et al.*, Defendants).

Second District   No. 2—87—0547

Opinion filed March 21, 1988.

Aldo E. Botti, of Botti, Marinaccio, DeSalvo & Pieper, Ltd., of Oak Brook (John N. Pieper, of counsel), for appellants.

Pretzel & Stouffer, Chartered, of Chicago (Robert Marc Chemers, of counsel), for appellee.

JUSTICE REINHARD delivered the opinion of the court:

Plaintiff, the National Surety Corporation (National), filed a declaratory judgment action in the circuit court of Du Page County naming as defendants Swissler Plumbing, Inc., Steven K. Swissler, and the Northern Trust Company, as plenary guardian of the estate of Norman A. Petersen, and seeking a declaration of the parties' rights and liabilities under an excess liability insurance policy issued by National to Swissler Plumbing, Inc. Following the circuit court's granting of summary judgment in favor of plaintiff, defendants filed this appeal.

The issue presented in this appeal is whether the trial court erred in ruling, as a matter of law, that Steven K. Swissler was not covered by National's excess liability insurance policy.

On January 6, 1981, Norman A. Petersen filed a complaint seeking damages for personal injuries incurred in an automobile accident on December 25, 1980, and naming as defendants Steven K. Swissler and Swissler Plumbing, Inc. According to the complaint, Steven Swissler was the owner and operator of a 1979 Ford pickup truck

which struck a vehicle driven by Petersen. The complaint further alleged that the same 1979 Ford pickup was owned and maintained by Swissler Plumbing, Inc., and that Steven Swissler was acting as an agent and employee of Swissler Plumbing, Inc., at the time of the accident.

During the course of the tort litigation, the trial court granted summary judgment in favor of Swissler Plumbing, Inc., which was not appealed. The case against the remaining defendant, Steven K. Swissler, proceeded to jury trial. On August 26, 1982, the jury returned a verdict in favor of Norman Petersen in the amount of $1,275,000.

Both defendants were defended during the tort litigation by United States Fidelity & Guaranty Company (USF&G), pursuant to an insurance policy issued by USF&G to Swissler Plumbing, Inc. Following the judgment, USF&G paid to Northern Trust Company, as the plenary guardian of the estate of Norman Petersen, $500,000, which was the liability limit under the policy issued to Swissler Plumbing, Inc.

On July 15, 1982, prior to the final judgment in the tort litigation, National filed its declaratory judgment action naming Steven Swissler and Swissler Plumbing, Inc., as defendants. National sought a declaration that it was not liable under an excess liability policy that it had issued to Swissler Plumbing, Inc., because Steven Swissler was not an "insured" within the meaning of that policy. On December 14, 1982, subsequent to the jury verdict in the tort case, National amended its complaint to include the Northern Trust Company as a defendant. National later amended its amended complaint and raised the additional issue of whether USF&G owed a duty to National to defend under the primary policy so as not to prejudice National. That amendment, however, was dismissed. National then filed an amended amendment to its amended complaint in which it raised the issue of whether Steven Swissler was covered under the primary policy issued by USF&G. The trial court again dismissed the amended amendment to the amended complaint. National filed a notice of appeal from the second dismissal order, but never prosecuted the appeal.

In its motion for summary judgment, National raised two arguments in support of its nonliability under its excess liability policy issued to Swissler Plumbing, Inc. First, it argued that Steven Swissler was not an "insured" within the meaning of its excess liability policy. Second, it contended that it was not liable for coverage under its excess liability policy because Steven Swissler was not covered by the primary policy issued by USF&G. National submitted the discovery

depositions of Allan N. Young, a former assistant claims manager with National, and Herbert A. Hausmann, a branch manager with National, which, in essence, provided their interpretations of certain terms of the two policies as well as the interrelationship of both policies. Additionally, National included in its memorandum in support of summary judgment an affidavit of Steven Swissler and excerpts from Jack Swissler's discovery deposition both of which stated that Steven Swissler, not Swissler Plumbing, Inc., owned the 1979 Ford pickup truck. Defendants submitted the affidavit and discovery deposition of John D. Ingram, a law professor, to rebut National's agents' opinions interpreting the policies.

The trial court, in granting summary judgment to National, disposed of the case based upon National's argument that Steven Swissler was not covered under USF&G's primary policy. As to the issue of whether Steven Swissler was an insured within the terms of the excess policy, the court found there was no issue because language in the excess policy provided that anyone who was insured under the primary policy would be insured under the excess policy. Consequently, the court concluded that National was entitled to challenge the decision of USF&G to provide coverage to Steven Swissler and that there was no basis in the record to support coverage under the USF&G policy.

On appeal, the defendants make several arguments related to the question of coverage under the excess policy issued by National. Defendants contend first that National is bound by USF&G's determination that there was coverage under the primary policy. They further maintain that coverage was properly extended under the USF&G primary policy. Defendants also argue that National's excess liability policy provides coverage for Steven Swissler in that it incorporates the primary policy of USF&G and that because Steven Swissler was covered by the primary policy, he is necessarily covered by the excess policy.

National responds that Steven Swissler is not an "insured" under the primary policy and, therefore, is not covered by its excess policy. It also argues that Steven Swissler was excluded from coverage under its excess policy and, as a result, it is not liable for coverage.

■ Initially, we note that defendants mention in one sentence in their appellate brief the issue of whether there was a question of material fact as to the existence of coverage under the primary policy. Defendants, however, provide no argument or citation of authority for this contention, nor is the contention raised in the issues presented for review statement in their brief. Therefore, it is waived. See 107

Ill. 2d R. 341(e); *People ex rel. Aldworth v. Dutkanych* (1986), 112 Ill. 2d 505, 511, 493 N.E.2d 1037.

▮▮▮ The purpose of summary judgment is to determine whether there are any genuine issues of material fact (*Purtill v. Hess* (1986), 111 Ill. 2d 229, 240, 489 N.E.2d 867), and it should only be granted when "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law" (Ill. Rev. Stat. 1985, ch. 110, par. 2—1005(c)). Although summary judgment is an expeditious method of disposing of a lawsuit, it should only be allowed when the right of the moving party is clear and free from doubt. (111 Ill. 2d at 240, 489 N.E.2d at 871.) The court must consider all of the evidence before it and construe it strictly against the movant and liberally in favor of the nonmovant. (111 Ill. 2d at 240, 489 N.E.2d at 871.) Furthermore, if the moving party supplies facts which, if not contradicted, would entitle such party to judgment as a matter of law, the opposing party cannot rely on the pleadings alone to raise issues of material fact. (111 Ill. 2d at 240-41, 489 N.E.2d at 871.) The reviewing court's function is limited to a determination of whether the trial court correctly ruled that no genuine issue of material fact has been raised, and if none was raised, whether judgment as a matter of law was correctly entered. (*Fuller v. Justice* (1983), 117 Ill. App. 3d 933, 938, 453 N.E.2d 1133.) The construction of an insurance policy is a matter of law, and, as such, summary judgment is an appropriate disposition. *Maryland Casualty Co. v. Chicago & North Western Transportation Co.* (1984), 126 Ill. App. 3d 150, 155, 466 N.E.2d 1091.

▮▮▮ Courts are empowered to enforce the provisions of an insurance contract (*Weeks v. Aetna Insurance Co.* (1986), 150 Ill. App. 3d 90, 94, 501 N.E.2d 349), and if such provisions are clear and unambiguous, there is no need for construction, and the provisions will be applied as written. (*United States Fire Insurance Co. v. Schnackenberg* (1981), 88 Ill. 2d 1, 4, 429 N.E.2d 1203.) If the words of a policy can reasonably be given their plain, ordinary, and popular meaning, they should be applied as written. (*Western Casualty & Surety Co. v. Brochu* (1985), 105 Ill. 2d 486, 495, 475 N.E.2d 872.) In determining whether an insurance contract is ambiguous, it is necessary to examine the complete document and not only isolated portions thereof. (105 Ill. 2d at 493, 475 N.E.2d at 876.) The contract is ambiguous if it is subject to more than one reasonable interpretation. (*Schweighart v. Country Mutual Insurance Co.* (1984), 122 Ill. App. 3d 40, 42, 460 N.E.2d 89.) Where a provision in a policy is determined to be ambigu-

ous, it is to be construed in favor of the insured. (*Strzelczyk v. State Farm Automobile Insurance Co.* (1986), 113 Ill. 2d 327, 331, 497 N.E.2d 1170.) Finally, in construing an insurance contract, the court should attempt to give meaning to the intent of the parties. (*Weeks*, 150 Ill. App. 3d at 94, 501 N.E.2d at 351.) Such intent may be ascertained from the policy and the circumstances surrounding its issuance, including the situation of the parties and the purpose for which the policy was obtained. (*Dora Township v. Indiana Insurance Co.* (1980), 78 Ill. 2d 376, 378, 400 N.E.2d 921.) Although the parties in this case urge different interpretations of the policies in question, we do not find the various language relied on by the parties to be ambiguous, and we, therefore, apply the plain meaning of those sections in determining the extent of coverage provided by the policies.

We choose to address first the issue of whether National's excess liability policy does not provide coverage for Steven Swissler because he is not within the definition of an insured in that policy. National relies on the following language contained in the definitions section of the policy:

"2.      * * *

(4)      * * *

None of the following is an insured:
***

(ii) the owner or lessee (of whom the named insured is a sub-lessee) of a hired automobile or the owner of a nonowned automobile, or any agent or employee of any such owner or lessee ***."

Subsection 7 of the definitions section defines a nonowned automobile as one which is not an owned automobile, and an owned automobile as one owned by the named insured. The named insured in the National policy is Swissler Plumbing, Inc. National contends that because Steven Swissler was driving an automobile owned by him, and not by Swissler Plumbing, Inc., that he is not an insured within the meaning of subsection 2(4)(ii).

Defendants, on the other hand, argue that under subsection 2(3) of the definitions, Steven Swissler is included within the meaning of insured. Subsection 2(3) states:

"2. The unqualified word 'INSURED' includes the named insured as above defined and also includes:
* * *

(3) any person or organization, except the named insured or other insured under this policy, included as an additional insured in any primary policy, but only to the extent that in-

surance is afforded to such person or organization under such primary policy ***.''

Defendants contend that, although the term "additional insured" is not defined in National's policy, subsection 2(3) refers to the primary policy, and, under that policy, Steven Swissler is an additional insured. According to defendants, because Steven Swissler is an additional insured under the primary policy, he is an additional insured within the meaning of the excess liability policy.

■ We begin by examining subsection 2(4)(ii) to determine if Steven Swissler falls within the meaning of a noninsured under that subsection. Subsection 2(4)(ii), read in conjunction with subsection 7, excludes as an insured anyone who is driving an automobile not owned by the named insured, in this case Swissler Plumbing, Inc. The question of whether the vehicle driven by Steven Swissler at the time of the accident was one owned by Swissler Plumbing, Inc., can be resolved by the undisputed evidence before the trial court. National submitted, in its motion for summary judgment, the affidavit of Steven Swissler in which he stated that he was the sole owner of the 1979 Ford pickup truck. Additionally, National submitted excerpts from the deposition of Jack Swissler, the owner of Swissler Plumbing, Inc., in which he stated that Swissler Plumbing, Inc., had no ownership interest in the 1979 Ford pickup truck. Defendants, however, submitted no evidence to rebut National's assertion that Steven Swissler was the sole owner of the 1979 Ford pickup truck. Because Steven Swissler, and not Swissler Plumbing, Inc., owned the 1979 Ford pickup truck, he is a noninsured within the meaning of subsection 2(4)(ii).

■■ ■ Defendants also contend that National cannot assert the exclusionary language in subsections 2(4)(ii) and 7 of the excess policy because of its own binding judicial admission in paragraph 9 of the previously dismissed "Amended Amendment to the Amended Complaint for Declaratory Judgment," which states as follows:

"9. That the Plaintiff contends that its policy incorporates as an 'insured' a person who is an 'insured' under the UNITED STATES FIDELITY & GUARANTY COMPANY policy and that Plaintiff is not required to afform [sic] coverage to such an 'insured' where no coverage exists under the UNITED STATES FIDELITY & GUARANTY COMPANY primary policy except by reason of UNITED STATES FIDELITY & GUARANTY COMPANY's failure to recognize a policy defense of no coverage or its waiver of such defense, either negligently or intentionally.''

Defendants argue that the exclusionary language, relied on by Na-

tional, is not applicable when coverage exists under the primary policy, which is purportedly admitted by National in the above-quoted paragraph. We disagree.

The pleading referred to above was dismissed in the trial court and was never reinstated. While an original verified pleading remains a part of the record, even though dismissed or superseded by subsequent pleadings, and any admission contained therein which is not a product of mistake or inadvertence is a binding judicial admission (see *Michael v. First Chicago Corp.* (1985), 139 Ill. App. 3d 374, 379, 487 N.E.2d 403), the pleading here was not verified and may be used only as an evidentiary admission. (*Robins v. Lasky* (1984), 123 Ill. App. 3d 194, 198, 462 N.E.2d 774.) Moreover, from our examination of the pleading, it is evident that National was only admitting that its excess policy incorporates as an insured only an insured under the primary policy. The pleading is not inconsistent with National's theory of defense and cannot be construed to be an admission that Steven Swissler is, in fact, an insured under the primary policy. We must, however, examine subsection 2(3) of the excess insurance policy to determine if Steven Swissler was an insured under that policy.

■■ ■ The plain language of subsection 2(3) defines an insured as an "additional insured in any primary policy." The excess policy does not provide its own definition of "additional insured" but instead refers to the primary policy. Consequently, we must examine the primary policy to determine if Steven Swissler is an additional insured under that policy. Because an additional insured in an automobile insurance policy is anyone insured under the policy other than a named insured (Couch on Insurance (Second) §45:273, at 589-90 (1986)), we must determine if Steven Swissler is an insured under the primary policy issued by USF&G.

The primary policy in this case defines who is an insured for purposes of liability coverage under the policy. "Insured" is defined as:

> "[a]ny person or organization qualifying as an insured in the WHO IS INSURED section of the applicable insurance."

The "who is insured" section of the primary policy states, in pertinent part:

> "WHO IS INSURED.
> 1. You are an insured for any covered auto.
> 2. Anyone else is an insured while using with your permission a covered auto you own, hire or borrow except:
>> a. Someone using a covered auto you hire or borrow from one of your employees or a member of his or her household."

Pursuant to the above language, Steven Swissler can only be considered an insured if he was using a covered auto that was owned, hired, or borrowed by the named insured, Swissler Plumbing, Inc.

The question of whether the vehicle driven by Steven Swissler was one hired or borrowed by Swissler Plumbing, Inc., was never raised in the trial court, nor has it been raised in this appeal and, therefore, is not at issue. The question of whether the vehicle driven by Steven Swissler at the time of the accident was a vehicle owned by Swissler Plumbing, Inc., is, however, properly before this court. National initially alleged in its complaint that Steven Swissler was the owner of the 1979 Ford pickup truck. Defendants denied that allegation in their answer. National later submitted, in its motion for summary judgment, the affidavit of Steven Swissler in which he stated that he was the sole owner of the pickup truck. Additionally, National submitted excerpts from the deposition of Jack Swissler, the owner of Swissler Plumbing, Inc., in which he stated that Swissler Plumbing, Inc., had no ownership interest in the pickup truck. Defendants, however, never submitted any evidence to challenge National's evidence establishing Steven Swissler as the sole owner of the 1979 Ford pickup truck.

We find that, based on the undisputed evidence in the record, Steven Swissler was the owner of the pickup truck and not Swissler Plumbing, Inc. Steven Swissler was not, therefore, an additional insured under the terms of who is an insured in the primary policy because he was not driving a vehicle owned by Swissler Plumbing, Inc. As he is not an additional insured under the primary policy, subsection 2(3) does not provide a basis for coverage under the excess policy in this situation. We recognize that the 1979 pickup truck is listed as a "covered auto you own" on the primary policy issued to Swissler Plumbing, Inc. The fact that USF&G and Swissler Plumbing, Inc., chose to schedule the pickup truck as one owned by Swissler Plumbing, Inc., does not compel a different result as to National, however, in light of the reality of the situation. The undisputed facts establish that Swissler Plumbing, Inc., did not own the pickup truck, and we find that controlling as to our determination of ownership within the meaning of who is an insured in the primary policy. USF&G's decision to provide coverage notwithstanding the policy language is not one with which we must concern ourselves.

In view of our resolution of the case on this issue, it is unnecessary to address any other questions presented by the parties in the briefs.

For the foregoing reasons, we affirm the trial court order

granting summary judgment in favor of National Surety Corporation. Although we have affirmed on a ground not expressly relied on by the trial court, a judgment may be sustained upon any ground warranted, regardless of whether the reason given by the trial court was correct. *Material Service Corp. v. Department of Revenue* (1983), 98 Ill. 2d 382, 387, 457 N.E.2d 9.

Affirmed.

UNVERZAGT and DUNN, JJ., concur.