MONARCH INSURANCE COMPANY OF OHIO, Plaintiff-Appellee, v. BRUNO CASTELLANO, Defendant-Appellant.

First District (4th Division)   No. 87—1815

Opinion filed November 17, 1988.

John Scott Hoff and John W. Harrington, both of Lapin, Hoff, Spangler & Greenberg, of Chicago, for appellant.

Robert C. von Ohlen, Jr., and Hugh C. Griffin, both of Lord, Bissell & Brook, of Chicago, for appellee.

JUSTICE McMORROW delivered the opinion of the court:

Defendant Bruno Castellano (Castellano) appeals from the entry of summary judgment in favor of plaintiff Monarch Insurance Company of Ohio (Monarch) in a declaratory judgment action brought by Monarch. Monarch sought a determination of its liability for Castellano's loss of an aircraft insured by Monarch. The plane crashed 10 miles from the shore of the United States while Castellano was flying to the Bahamas.

The circuit court found that the loss was not covered by Castellano's policy with Monarch because the policy specifically limited coverage to "occurrences and loss happening *** within the United States of America (excluding Alaska and Hawaii), Canada or Mexico." Castellano argues that the allowance of Monarch's motion for summary judgment should be reversed because the phrase "within the United States of America ***, Canada, or Mexico" is ambiguous and because there is no causal connection between the territorial limitation and the cause of the loss.

We affirm.

BACKGROUND

Castellano engaged Monarch to insure his single engine plane in 1984. Before he obtained the insurance, Castellano asked if the policy could be extended to cover flights to the Bahamas. Monarch responded that in order to extend coverage, Castellano would need a particular rating from the Federal Aeronautics Administration and would have to pay an additional $50 premium. Castellano did not have the FAA rating and therefore could not obtain Bahamas coverage; he also did not pay the extra premium required for coverage of flights to the Bahamas.

On January 21, 1986, Castellano departed from Ft. Pierce, Florida, intending to fly to the Bahamas. His engine failed mid-flight, however, and he "ditched" the plane in the Atlantic Ocean approximately 10 miles from the east coast of Florida.

Castellano filed a claim for the loss of his plane with Monarch. Monarch denied liability because Castellano's policy specifically stated, "This policy applies only to occurrences and loss happening during the policy period and within the United States of America (excluding Alaska and Hawaii), Canada or Mexico ***." Monarch filed this action seeking a declaratory judgment that Castellano's policy did not cover the loss of the aircraft. The parties filed cross-motions for summary judgment. Following a hearing, the trial court granted Monarch's motion, and Castellano appeals.

OPINION

Castellano argues that the trial court's grant of summary judgment to Monarch should be reversed because the territorial coverage provision of his policy is ambiguous. According to Castellano, the term "United States" is open to numerous interpretations. Because of this ambiguity, Castellano maintains that the policy coverage included his loss of the aircraft 10 miles off the shores of the United States.

Monarch asserts that the terms "within the United States" in its insurance policy are unambiguous and should be interpreted to provide coverage for flights within the continental United States and three nautical miles from shore. We agree.

■ Terms employed in an insurance policy should "be given their plain, ordinary, and popular meaning, the provisions should be applied as written and the parties bound to the agreement they made." (*Western Casualty & Surety Co. v. Brochu* (1985), 105 Ill. 2d 486, 495, 475 N.E.2d 872; accord *International Minerals & Chemicals Corp. v. Liberty Mutual Insurance Co.* (1988), 168 Ill. App. 3d 361, 522 N.E.2d 758; *National Surety Corp. v. Swissler Plumbing, Inc.* (1988), 167 Ill.

App. 3d 608, 521 N.E.2d 257.) To interpret the policy according to these principles, the policy must be examined in its entirety and construed as a whole. *Zurich Insurance Co. v. Raymark Industries, Inc.* (1987), 118 Ill. 2d 23, 50, 514 N.E.2d 150.

■ It is generally recognized that the territorial limits of the United States extend to three nautical miles beyond the shore. (See, *e.g., United States v. Louisiana* (1959), 363 U.S. 1, 33-34, 4 L. Ed. 2d 1025, 1047-48, 80 S. Ct. 961, 981; *United States v. Wright-Barker* (3d Cir. 1986), 784 F.2d 161, 166 & n.2; *United States v. Rubies* (9th Cir. 1979), 612 F.2d 397, 402 n.2; *United States v. Warren* (5th Cir. 1978), 578 F.2d 1058, 1064-65 n.4.) Different geographical measurements, relied upon by Castellano, pertain to a nation's extensions of its powers for specified limited purposes but do not modify the country's territorial boundary of three nautical miles from shore. See, *e.g.,* Presidential Proclamation No. 5030, 3 C.F.R. 22-23 (1983) (in order to secure rights to certain natural resources, "sovereign rights and jurisdiction of the United States *** extend 200 nautical miles from the baseline from which the breadth of the territorial sea is measured"); *United States v. Rubies* (9th Cir. 1979), 612 F.2d 397, 402 N.2 (customs officials employ 12-mile limit for purposes of boat searches).

■ In the context of aviation insurance coverage, when a policy provides coverage for a loss "within the United States of America," this geographical limit includes the continental land space of the United States, three nautical miles from the shore, and "the outside boundaries of an area within which flights, on reasonable routes, are covered." (*Vargas v. Insurance Co. of North America* (2d Cir. 1981), 651 F.2d 838, 840.) "So long as the plane is on a reasonably direct course from and to geographic areas covered by the policy, the plane [can] reasonably be said to be within the contemplated territorial limits." *Vargas,* 651 F.2d at 840, citing 9 G. Couch Insurance §37.1476 (2d ed. 1962) (marine insurance policies imply coverage of "ordinary and customary" routes).

■ Based upon these precedents we find no ambiguity in Monarch's policy with respect to Castellano's plane crash. The phrase "within the United States of America (excluding Alaska and Hawaii)" in Monarch's insurance policy is unambiguous and was correctly interpreted by the trial court to include the continental United States, three nautical miles from shore, and reasonably direct air routes to and from the continental United States. Given this construction, the policy did not cover Castellano's loss. Castellano's plane did not crash within three nautical miles of the shores of the United States. Nor did the loss occur while he was en route between points covered under

Monarch's policy. In fact, Castellano's accident occurred while he was flying to a location which he knew to be beyond the geographic limits specified in the policy. Accordingly, we find no error in the trial court's allowance of Monarch's motion for summary judgment.

■ Castellano also argues that coverage should be extended to the loss of his plane because Illinois law requires a causal connection between the cause of a loss and the exclusion claimed. (See *Schewe v. Home Insurance Co.* (1980), 80 Ill. App. 3d 829, 400 N.E.2d 501; *American States Insurance Co. v. Byerly* (S.D. Ill. 1978), 456 F. Supp. 967, citing *General Accident Fire & Life Assurance Corp. v. Brown* (1962), 35 Ill. App. 2d 43, 181 N.E.2d 191.) The instant case does not pertain to the enforcement of a policy exclusion, however, and Castellano's argument is therefore insufficient ground to disturb the trial court's ruling.

For the reasons stated, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

JIGANTI, P.J., and JOHNSON, J., concur.